IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN RAY SCHRUBB,

    Petitioner,               No. 2:10-cv-1409 MCE JFM (HC)

    vs.

MATTHEW CATE,

    Respondent.            ORDER AND

                              /      FINDINGS AND RECOMMENDATIONS

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2004 conviction on charges of second degree robbery, conspiracy to commit second degree robbery, multiple counts of assault with a semiautomatic firearm, unlawful taking of a vehicle, and evading an officer with willful disregard. Petitioner was sentenced to an indeterminate state prison term of 304 years to life. See Lodgment (hereinafter "LD") 1. Petitioner appealed his sentence.

        This matter is before the court on petitioner's request for stay and abeyance pending exhaustion of state court remedies as to unexhausted claims, and on respondent's motion to dismiss the petition as untimely and as a mixed petition containing unexhausted claims. Respondent opposes petitioner's request to stay these proceedings, and petitioner opposes respondent's motion to dismiss.

1

FACTUAL AND PROCEDURAL BACKGROUND

On November 4, 2004, petitioner was convicted of multiple counts stemming from a botched robbery of a Bank of America in Loomis, CA on March 17, 2003. LD 2 at 1-2. In August 2003, petitioner's Faretta motion was granted during trial and he represented himself through the remainder of his criminal proceedings. Id. at 2. Petitioner was subsequently sentenced to an indeterminate term of 304 years to life. See LD 1.

In his direct appeal, petitioner challenged the trial court's denial of his motion to suppress his confession because it was involuntary and his motion to dismiss the charges against him because of outrageous conduct by the staff at the jail in which he was held pending trial. LD 2 at 1. On December 8, 2005, the California Court of Appeal, Third Appellate District, affirmed the judgment after concluding that the trial court properly denied both motions. Id.

Petitioner appealed this decision to the California Supreme Court on January 10, 2006. LD 3. On February 22, 2006, the petition for review was summarily denied. LD 4.

Nearly two years later, on January 28, 2008, petitioner collaterally challenged his conviction in Placer County Superior Court, raising the same claims as in his direct appeal. LD 5. This petition was denied on June 9, 2008 on the ground that it was untimely with citation to In re Robbins, 18 Cal. 4th 770, 780 (1998). LD 6.

On September 14, 2009, petitioner appealed the superior court denial of his habeas petition. See LD 7. In his moving papers, petitioner raised seven claims not previously raised: (1) the trial court improperly restricted the evidence petitioner was able to present during trial; (2) Brady violation; (3) all elements of certain charged offenses not proven; (4) double jeopardy; (5) illegal prior conviction used to enhance sentence and enhancement statutes were unconstitutionally applied; and (6) petitioner's sentence was disproportionate and was the result of multiple punishments for the same crime. Id.

On October 1, 2009, the petition was summarily denied by the state appellate court. LD 8.

On April 26, 2010, petitioner appealed to the California Supreme Court. LD 9. On January 12, 2011, the petition was denied. See Doc. No. 26.

On May 6, 2010, during the pendency of the state habeas petitions, petitioner filed the instant application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Here, petitioner brings forth the following claims: (1) he was prevented from presenting a defense; (2) he was denied access to exculpatory evidence; (3) there was insufficient evidence to convict him; (4) he was subject to double jeopardy; (5) he was subjected to an illegal enhancement of his prison sentence; (6) his sentence was enhanced on the basis of a prior conviction that was illegally produced; (7) his sentence is disproportionate to other sentences meted out for the same or similar conduct and is unconstitutionally excessive; and (8) his appellate counsel for was ineffective for omitting issues on appeal.

On August 23, 2010, petitioner filed a motion to stay and abey. On September 7, 2010, respondent filed a motion to dismiss. On November 15, 2010, petitioner filed a second motion to stay and an opposition to the motion to dismiss. On November 22, 2010, respondent filed a reply. On December 8, 2010, petitioner filed a motion to strike respondent's reply.

## STANDARDS FOR A MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197 (2007), and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007). However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim

3

1  is and the grounds upon which it rests.'" Erickson, 551 U.S. 89, 127 S.Ct. at 2200 (quoting Bell
2  Atlantic at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

3        Although the court previously issued a screening order that expressly stated that
4  plaintiff stated a cognizable claim against defendants, the court finds that this finding does not
5  foreclose defendants' right to bring a motion to dismiss on the same grounds. See Teahan v.
6  Wilhelm, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007) (finding that the screening and dismissal
7  procedure under the Prison Litigation Reform Act "is cumulative of, not a substitute for, any
8  subsequent Rule 12(b)(6) motion that the defendant may choose to bring"). The court will
9  consider the merits of defendants' motion to dismiss.

10                                      DISCUSSION

11  1.     Respondent's Motion

12        Because the instant petition was filed after April 24, 1996, the effective date of
13  the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), AEDPA applies in this
14  proceeding. Lindh v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008 (1997);
15  Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

16        Under the AEDPA statute of limitations, a petition for writ of habeas corpus
17  generally must be filed within one year from "the date on which the judgment became final by
18  conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C.
19  § 2244(d)(1)(A). The Ninth Circuit Court of Appeals has held that the "time for seeking direct
20  review" under 28 U.S.C. § 2244(d)(1)(A) includes the ninety-day period within which a
21  petitioner can file a petition for a writ of certiorari from the United States Supreme Court under
22  Supreme Court Rule 13, whether or not the petitioner actually files such a petition. Bowen v.
23  Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

24        Here, petitioner's direct review became final on February 22, 2006 when the
25  California Supreme Court denied petitioner's appeal. Thus, the one-year limitations period
26  commenced ninety days later on May 23, 2006, providing petitioner until May 23, 2007 to file

his petition.  Because petitioner did not file his petition for writ of habeas corpus in the federal court until May 6, 2010, the undersigned finds that the petition is untimely.

Moreover, petitioner is not entitled to tolling.  While the statute of limitations may be tolled to account for a petitioner's applications for post-conviction relief or collateral review in the state courts, see 28 U.S.C. § 2244(d)(2), the period during which petitioner filed state habeas petitions does not warrant tolling because petitioner's collateral challenge was denied as untimely in the state superior court with citation to In re Robbins, 18 Cal. 4th 770, 780 (1998), and then summarily denied by the California Court of Appeal and the California Supreme Court.  See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.").  Citation to Robbins in the state court order was a "clear ruling" that the state petition was untimely and, hence, not entitled to receive Section 2244(d)(2) tolling.  See Thorson v. Ramirez Palmer, 479 F.3d 643, 645 (9th Cir. 2007).

In his opposition, petitioner argues that equitable tolling should apply in this case because he attempted to file his petition before the May 23, 2007 deadline, but was unable to do so for reasons beyond his control.  First, petitioner claims that he asked the prison staff to summon him to the law library on May 22, 2007 (one day before the filing deadline) so that he could copy and mail his 2,236-page state habeas petition, but was instead summoned on May 20, 2007 when petitioner claims his petition was not yet finalized.  Petitioner then claims that the next time he was allowed to use the law library was on June 12, 2010, when he handed his petition over to the law library for copying.  Opp'n, Ex. E.  His photocopied writ was returned on June 21, 2010.  Opp'n, Ex. F.  Unfortunately, petitioner noticed that fifty-three pages of the petition had not been copied.  See Opp'n, Ex. G.  Therefore, he was forced to return those pages for photocopying; the pages were finally returned to him on June 27, 2007.  Id.

/////

1    In the meantime, petitioner was informed that the law library was unable to mail
2 the petition due to its size. Opp'n at 4-5. Petitioner was advised to contact Receiving and
3 Release ("R&R") and/or his counselor to assist him with mailing the petition. Id. Petitioner
4 contends the law library was capable of mailing legal documents, as they had done this for him
5 in the past, and that the refusal "to accept his writ for filing was because of a tenuous
6 relationship [petitioner] had with them." Opp'n at 5. On June 27, 2007, petitioner sent a letter to
7 R&R seeking assistance to file his petition. Opp'n, Ex. H. In response, petitioner was informed
8 that R&R needed verification that the mailing was legal in nature, was advised to contact his
9 counselor to package the petition because of its size, and was further informed that petitioner did
10 not have any money, which meant that the petition needed to ship at state expense. Opp'n, Ex. I.
11 Petitioner sent a letter to his counselor on July 7, 2010 seeking assistance, but claims he never
12 received a response. Opp'n, Ex. J. Petitioner received verification that his documents were legal
13 on July 26, 2007. See Opp'n, Ex. N. As discussed infra, however, petitioner did not provide the
14 verification to R&R because he believed R&R needed verbal verification. See Opp'n, Ex. M.

15    Petitioner filed a 602 inmate appeal form[1] on July 18, 2007 requesting that the
16 law library be required to mail his petition. Opp'n, Ex. M at 1-5. Petitioner's appeal was denied
17 on August 3, 2007 at the informal level of review, and petitioner was advised that the law library
18 "cannot facilitate the mail out of 2,236 pages of documents." Id. at 6. Petitioner's appeal was
19 also denied on September 17, 2007 at the first formal level of review, and petitioner again
20 advised that the petition "is too large for mailing from the library." Id. at 7. The reviewing
21 official noted that petitioner was provided with a paper copy of the verification that R&R needed
22 and that the law library staff gave the verification verbally to R&R, as well. Id. Petitioner's

---

[1] California prison regulations provide administrative procedures in the form of one informal and three formal levels of review to address an inmate's claims. See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.5.

6

1  appeal was then denied on November 15, 2007 at the second level of review, and petitioner was
2  informed that he must give the note of verification provided to him by the law library staff to
3  R&R, which he had not yet done. Id. He was also informed that he needed to submit a request
4  to have his petition mailed through the "bulk" mail process. See id. Finally, it was noted that
5  petitioner still had not provided R&R with written verification that his documents were legal
6  and, furthermore, that petitioner "had not attempted to contact the courts to request an extension
7  to his filing date[] and was presently 'just holding' the documents." Id at 51.

        In addition to the difficulties petitioner was experiencing with mailing his petition, petitioner claims that as a result of a fight with a cell-mate on November 19, 2007, he was forced to rewrite many pages of his petition because they were covered in blood. Opp'n at 5-6.

        A habeas petitioner is entitled to equitable tolling of the limitation period "only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.' Grounds for equitable tolling under § 2244(d) are 'highly fact-dependent.'" Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003) (quoting Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) and Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc)).

        Petitioner's reasons for filing an untimely petition do not merit equitable tolling in this case. Petitioner's contention that the law library was improperly refusing to mail his petition is unsupported by the record. Instead, petitioner was informed repeatedly that the law library was unable to mail his petition due to its size and that he needed to comply with certain procedural requirements to mail the petition.[2] Further, petitioner's argument that he believed R&R needed verbal verification of the legal status of his petition is belied by his own

---

[2] Review of the documents filed in support of petitioner's opposition reveals that petitioner was capable of mailing other legal documents during the time frame at issue here. See Opp'n at 54-57.

7

1  attachments, which evidence that he had been repeatedly advised to provide written verification
2  to R&R.  Finally, diligence would have required petitioner to seek an extension of time from the
3  courts to file his petition.  Instead, petitioner's earliest filing in his state collateral action was
4  January 28, 2008, nearly eight months after the AEDPA limitations period ran.  In sum, much
5  more is required to warrant equitable tolling.
6        Accordingly, respondent's motion to dismiss the petition on timeliness grounds
7  should be granted.  The court need not address respondent's arguments regarding exhaustion
8  given the court's recommendation that the petition be dismissed as time-barred.

2.    Miscellaneous

   A.    Motions to Stay

        Petitioner filed two motions to stay pending resolution of his collateral challenge
in state court.  Because the California Supreme Court summarily denied the petition on January
12, 2011, these requests will be denied as moot.

   B.    Motion to Strike

        On December 8, 2010, petitioner filed a motion to strike respondent's reply on the
ground that respondent requires leave of court to file a reply.  Contrary to petitioner's
understanding, leave of court is not required by respondent prior to filing a reply.   Accordingly,
this motion will be denied.

        For all of the foregoing reasons, this action should be dismissed.  Pursuant to Rule
11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district
court must issue or a deny a certificate of appealability when it enters a final order adverse to the
applicant."  Rule 11, 28 U.S.C. foll. § 2254.  A certificate of appealability may issue under 28
U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a
constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of
appealability indicating which issues satisfy the required showing or must state the reasons why
such a certificate should not issue.  Fed. R. App. P. 22(b).

Where, as here, the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

After careful review of the entire record herein, this court finds that petitioner has not satisfied the first requirement for issuance of a certificate of appealability in this case. Specifically, there is no showing that jurists of reason would find it debatable whether this action is barred by the statute of limitations and/or is unexhausted. Accordingly, the court should not issue a certificate of appealability.

Therefore, IT IS HEREBY ORDERED that:

1. Petitioner's August 23, 2010 and November 15, 2010 motions to stay are denied;

2. Petitioner's motion to strike is denied;

IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss be granted;

2. This action be dismissed with prejudice, and

3. The court decline to issue a certificate of appealability

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

/////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 14, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

/014;schr1409.mtd