IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN RAY SCHRUBB, | No. 2:10-cv-01409 MCE JFM (HC) |
|     Petitioner, | |
|   vs. | ORDER |
| MATTHEW CATE, | |
|     Respondent. | |
| _____/ | |

    Pending before the court is petitioner's April 13, 2011 motion for reconsideration of the undersigned's March 22, 2011 order adopting in full of Magistrate Judge John F. Moulds's February 15, 2011 findings and recommendations recommending that respondent's motion to dismiss be granted and this action be dismissed as untimely per the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") statute of limitations. See 28 U.S.C. § 2244(d)(1)(A); ECF No. 28. Judge Moulds's order directed the parties to file objections within fourteen days of the date of the order. In considering the findings and recommendations, the undersigned noted that petitioner's objections were untimely as they were filed beyond the requisite fourteen-day time period. Judgment was entered on March 22, 2011.

///

On April 13, 2011, petitioner filed a notice of appeal. The Ninth Circuit has stayed the appeal pending resolution of this motion. See ECF No. 40.

In the instant motion filed pursuant to Federal Rules of Civil Procedure 59 and 60, petitioner contends dismissal was unwarranted because good cause existed for his failure to file timely objections. To the extent petitioner reads the March 22, 2011 order as dismissing his petition on grounds of an untimely filed objection, this understanding is erroneous. The case was dismissal as untimely pursuant to AEDPA's statute of limitations. Thus, petitioner's motion will be denied.

In his reply to respondent's opposition, petitioner contends he was confused as to the grounds upon which his petition was dismissed. Insofar as it was dismissed as untimely pursuant to AEDPA's statute of limitations, he seeks reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) permits reconsideration of a district court order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly-discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59; (3) fraud, misrepresentation, or misconduct by an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. See Fed. R. Civ. P. 60(b)(1)-(b)(6). Rule 60 reconsideration is generally appropriate in three instances: (1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice. School District No. 1J v. ACandS, Inc., 5 F .3d 1255, 1262 (9th Cir. 1993).

Assuming without deciding that this request is procedurally proper, the court finds that the request should be denied. Petitioner raises the same arguments as he raised in his original objections to respondent's motion to dismiss, thus failing to comply with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 60(b).

1  Plaintiff fails to offer any evidence of a change in controlling law.  He further fails to argue that
2  new evidence has come to light that would materially affect his case, and likewise fails to
3  successfully contend that a clear error has occurred thereby causing manifest injustice that must
4  be prevented by reconsideration.  Id.  According to petitioner, the entire Report and
5  Recommendation denying his petition was a clear error.  This, however, is not the case under
6  controlling authority.  See Doc. No. 28.

7       Accordingly, IT IS HEREBY ORDERED that petitioner's April 13, 2011, motion for
8  reconsideration (ECF No. 32) is DENIED.

9  Dated: February 7, 2012

11  MORRISON C. ENGLAND, JR.
12  UNITED STATES DISTRICT JUDGE